UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:06CV200-J
CIVIL ACTION NO. 1:08CV178-J

LINDA KAY DECKARD                                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
        Commissioner of Social Security                                                       DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Linda Deckard ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On December 31, 2003, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of July 30, 2003. This Court remanded the matter for consideration of new evidence. Meanwhile, shortly after the initial Administrative Law Judge's decision, Ms. Deckard filed new applications. After a hearing on both the 2006 applications and the remand of the 2003 applications, Administrative Law Judge D. Lyndell Pickett ("ALJ") determined that claimant's degenerative disc disease of the cervical spine, fibromyalgia, depressive disorder, and anxiety disorder were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that she retained the residual functional capacity for a range of light work jobs existing in significant numbers [Tr. 346-356]. This

1

became the final decision of the Defendant on all applications when the Appeals Council denied review on October 3, 2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in failing to properly consider her restrictions in using her right upper extremity. The ALJ incorporated restrictions regarding her left (non-dominant) upper extremity, but incorporated no such restrictions with respect to the right upper extremity. She points out that Dr. Shivakumar identified handgrip of 4 (out of 5) in *both* hands [Tr. 731]. The question for this Court is whether substantial evidence supports the ALJ's conclusion that she had failed to establish the existence of limitations in her right hand.

Residual functional capacity (RFC) is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524

2

(1992). A claimant bears the burden or proof in establishing his or her RFC, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).

The RFC describes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." Howard, 276 F.3d at 240. "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." Yang v. Comm'r of Soc. Sec., No. 00-10446-BC, 2004 WL 1765480, at *5 (E.D.Mich. July 14, 2004). Howard does not stand for the proposition that all impairments deemed "severe" in step two must be included in the hypothetical. The regulations recognize that individuals who have the same severe impairment may have different RFCs depending on their other impairments, pain, and other symptoms. 20 C.F.R. § 404.1545(e).

Dr. Shivakumar examined plaintiff on only one occasion at the request of counsel. The ALJ considered Dr. Shivakumar's opinion regarding overall limitations, but rejected them because they were based on her subjective reports of pain [Tr. 353]. No physician other than Dr. Shivakumar ever suggested any difficulties with the right upper extremity. The Court finds no error.

Ms. Deckard complains that the ALJ erred in conducting his analysis of the credibility of her testimony. It is well-established that resolving conflicts in the evidence and deciding questions of credibility are matters within the province of the ALJ. Wright v. Massanari, 321 F.3d 611 (6th Cir. 2003). SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider

3

the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529© describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;
3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

In this case, the ALJ noted that at the time of the hearing, Ms. Deckard had no medical treatment for almost a year. He observed that she was advised to pursue an MRI if her pain continued, but she did not return as directed, despite her testimony of continuing pain. Her testimony at the hearing was that she took samples of medication, but she reported to the consultant only a few days earlier that she took no medication. Similarly, her hearing testimony concerning ability to care for herself and for her home differed from what she reported only a week earlier to the consultant. The ALJ concluded, "While the undersigned finds it reasonable that the claimant's combined conditions cause some limitations, it appears that the claimant exaggerated her limitations when testifying at the hearing given the evidence of record and statements she made on other

occasions." Tr. 352.

Thus, the ALJ complied with the requirements of the law regarding the factors to consider in making a credibility evaluation, and he provided reasons, supported by the record, for his conclusions. "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) . Whether this Court would have made a different determination is of no moment. The ALJ did not err.

Ms. Deckard contends that the ALJ erred in evaluating her fibromyalgia. It must be recalled that disability is not demonstrated by a diagnosis, but by specific functional limitations. In this case the ALJ *did* find her fibromyalgia to be a severe impairment, but he did not find that it imposed the limitations she claimed. As the limitations resulting from fibromyalgia consist of pain, this Court's analysis (supra) regarding credibility is dispositive of this argument.

Finally, Ms. Deckard contends that the ALJ failed to properly consider the opinion of a treating physician. Dr. Campbell opined that Ms. Deckard could work with a sit or stand option for less than four hours in a work day, that she was limited to lifting ten pounds occasionally, and would likely miss work regularly because of her medical problems. Tr. 295.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by

according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

Dr. Campbell's opinion was certainly not uncontradicted; it conflicted with Dr. Barrett's examination findings [Tr. 215]. In determining that Dr. Campbell's opinion was not entitled to great weight, the ALJ noted that Dr. Campbell failed to provide any narrative explanation of the extreme

limitations described in his opinion. The ALJ also observed that Dr. Campbell's treatment notes fail to support the opinion. Tr. 352. For example, his notes on November 29, 2005, the day of his opinion, reported no unusual physical findings [Tr. 294]. This contrasts with his February 2005 notes, which recorded lumbar muscle tenderness [Tr. 279], and his August 2005 notes, which did not record any lumbar muscle tenderness, but mentioned mildly decreased grip strength and trigger points on her left shoulder and neck [Tr. 278]. The Court finds no error.

An order in conformity has this day entered.